## ADAMS *against* BUTTS.

Windham,
July, 1831.

Adams
*v.*
Butts.

Where the defendant, in an action against him for the diversion of a water-course, by means of a dam, on land occupied by him, to the injury of the plaintiff below, offered as a witness, to establish his right to keep up the dam and use the water, the husband of one of the heirs of *A.*; and it appeared, that the land on which the dam was erected and the water used, was held by *B.*, the widow of *A.*, as tenant in dower, in which land such heir, if living at the decease of *B.*, would be entitled to a distributive share; it was held, that such witness was competent, as he had no vested interest in the land, and whether he ever would have any, was entirely contingent.

There is no privity in estate between a tenant in dower and the reversioner.

And the reversioner cannot be affected, by a verdict for or against the tenant for life, unless he come in upon aid prayer.

Therefore, where the plaintiff in an action for the diversion of a water-course from land to which she had title as tenant in dower, offered as a witness, to prove the injury complained of, one of the heirs at law of her deceased husband, who, on her death, would be entitled to a distributive share in the land in question; it was held, that such heir was a competent witness.

THIS was an action on the case, for diverting, by means of a dam, a stream of water, which had been accustomed to flow through the defendant's land, and thence on to the plaintiff's; by which diversion the plaintiff had sustained an injury.

The cause was tried at *Brooklyn, October* term, 1830, before *Williams*, J.

The plaintiff claimed title to the land described in the declaration, and also to the use of the stream of water therein mentioned, as tenant in dower, as set out to her in the distribution of her late husband, *Joseph Adams*, deceased.

To prove the injury complained of, the plaintiff offered as a witness *Orrin Adams*, one of the heirs at law of said *Joseph Adams*, and who, on the death of the plaintiff, would be entitled, as such heir, to a distributive share in the land in question. The witness was objected to, as incompetent. The judge sustained the objection, and rejected the witness.

The defendant, claiming the right to keep up the dam and to use the water in question on his own land, offered one *Daniel Storer* as a witness. The plaintiff then proved, that the land, on which the dam was erected and the water used, was held by *Cynthia Butts*, as her dower in the estate of her late husband *Asa Butts*, deceased; and that the wife of the witness is one of the children and heirs at law of said *Asa Butts*, and if alive at the decease of said *Cynthia*, will be entitled to a distributive share in said land; and that said *Storer* may become entitled to such share, as tenant by the curtesy. And

thereupon the plaintiff objected to him as an incompetent witness. The judge overruled the objection and admitted the witness.

The defendant obtained a verdict ; and the plaintiff moved for a new trial, on the ground of error in these decisions of the judge.

*Judson*, in support of the motion, contended, 1. That *Orrin Adams* was an unexceptionable witness for the plaintiff, and ought not to have been rejected. The verdict, if for the plaintiff, would not be evidence for the witness in a future suit. He is neither party nor privy here. If there is any privity, it must be privity *in estate ;* as between donor and donee, lessor and lessee &c. *Co. Litt.* 271. *a. Swift's Ev.* 18, 19. *Bul. N. P.* 232. But this witness sustains no such relation to the plaintiff. He does not hold under her. 1 *Stark. Ev.* 191. A verdict against tenant for life will not bind a reversioner. 1 *Stark. Ev.* 192. *Com. Dig. tit.* Estoppel, C. The plaintiff is privy in law to *Joseph Adams*, and a verdict against him would bind her ; but there is no privity between her and this witness. The title does not come through her to him. Her interest is adverse to his ; and forever must be. She keeps him out of the enjoyment of the estate.

2. That if *Orrin Adams* was an incompetent witness for the plaintiff, then *Storer* was incompetent for the defendant ; and his testimony ought to have been rejected. 1 *Stark. Ev.* 195, 6. 206, 7. *Case* v. *Reeve* & al. 14 *Johns. Rep.* 79. 83.

*H. Strong* and *Frost,* contra, contended, 1. That the witness *Adams*, being entitled to the land in question, after the expiration of the plaintiff's life estate, he had an interest to obtain a recovery, which would be evidence against the same defendant, in a suit brought by him, when he should be in possession. 1 *Phill. Ev.* 245, 6. *Saund. Ev. & Plead.* 478. 612. *Pyke* v. *Crouch*, 1 *Ld. Raym.* 730. *Smith* v. *Blackham*, 1 *Salk.* 283. *Com. Dig. tit.* Evidence. *A* 5. 2 *Stark. Ev.* 745. 775.

2. That the witness *Storer* had no interest. In the first place, a verdict for the defendant could never be used as evidence of the right or title in any other suit, even by the defendant himself. Secondly, if it could be, by one having title, it could not by *Storer* ; that is, it was a matter of entire contin-

gency whether he and his wife would survive the tenant for life. Even did the motion shew, that there were children of this marriage, he could not be tenant by the curtesy during the continuance of the life estate. *Co. Litt.* 29. *a.* 32. *a.* 1 *Cruise's Dig.* 162. 1 *Swift's Dig.* 84.

BISSELL, J. I am of opinion, that there was no well founded objection to *Storer* as a witness. It is very clear, that a verdict for the defendant, upon the issue joined in the cause, could have settled no right ; and would not have been evidence, even in his own favour, in any subsequent suit.

It is equally clear, that *Storer* had no vested interest in the land ; and whether he would ever have an interest, was entirely contingent.

He could not be tenant by the curtesy, during the continuance of the life estate. *Co. Litt.* 29. *a.* 32. *a.* 1 *Cruise's Dig.* 162. 1 *Swift's Dig.* 64.

The other question presented by this motion, to wit, whether *Adams* was a competent witness for the plaintiff, is by no means free from difficulty ; and a determination has not been made, until after a careful examination of the authorities upon the point. The objection to the witness is, that being entitled to the lands in question, after the expiration of the plaintiff's life estate, he had an interest to obtain a verdict ; for that such a verdict would be evidence against the same defendant, in a suit brought by the witness, after he should be in possession. Could, then, a verdict in favour of the plaintiff, ever be given in evidence, by the witness, in a suit brought by him, and affecting the same right ? If such verdict be admissible, it must be on the ground, that the tenant in dower and the reversioner are privies in estate. They clearly are not privies in blood. The one does not derive title from, nor hold of the other. Nor are they privies in law. Are they, then, privies in estate, so that a verdict for the one, may be evidence for the other ? In regard to remainder-men, the rule is, certainly, well settled. If several remainders be limited in a deed, a verdict for one in remainder, may be given in evidence, by another person in remainder, in an action brought against him for the same land ; although he does not hold or claim any estate under the first remainder-man. And the reason assigned is, that they all hold under the same deed. 1 *Stark. Ev.* 193. *Pyke* v. *Crouch,* 1 *Ld. Raym.* 730. *Bul. N. P.* 232. *Hardr.*

*Windham,*
*July 1831,*

*Adams*
*v.*
*Butts.*

462. 1 *Phill. Ev.* 246.   But the reason of the rule, and it is believed, the rule itself, does not apply as between tenant for life and the reversioner.   For although their respective estates constitute parts of one and the same inheritance, yet their titles are not, as in the case of several remainders, derived from the same *deed.*   Still it is not to be denied, that conflicting opinions have been held, and opposing *dicta* are to be found, in the books, upon this subject.   *Saunders,* in his late treatise on *Pleading and Evidence,* (*p.* 478.) thus lays down the rule. " The evidence of an heir apparent is admissible, because his interest depends upon a contingency ; but the evidence of a remainder-man in tail, will be rejected."   For this he cites *Smith* and Sir *Richard Blackham,* 1 *Salk.* 283.   The case does not bear out the position, as to the reversioner, although it is said the remainder-man cannot be a witness, " for he hath an estate, such as it is."   The same author asserts, (*p.* 612.) after laying down the rule as to remainder-men, " That a verdict for or against a lessee, will be evidence in like manner as to him in reversion."   The same doctrine, in substantially the same terms, is laid down by *Phillips,* (1 *Phil. Ev.* 246.) and to this, the following authorities are cited.   *Hardr.* 472. *Com. Dig. tit.* Evidence, A. 5.   *Gilb. Ev.* 35.   *Bull. N. P.* 232. It must be admitted, that the rule is so laid down, by Lord *Holt ;* (*Hardr.* 472.) and is repeated by *Comyns,* who cites Lord *Holt* as his authority.   But neither *Gilbert* nor *Buller* sustain the position in the unqualified manner, in which it is asserted.   On the contrary, *Gilbert* thus lays down the rule : " But if there be a recovery against tenant for life by verdict, this is no evidence against the reversioner ; for the tenant for life is seised in his own right, *ut de libero tenemento,* and the possession is properly his own, and he is at liberty to pray in aid of the reversioner or not ; and the reversioner cannot possibly contradict the matter where no aid was prayed ; for he had no permission to interest himself in the controversy.   But if he had come in on aid prayer, then the verdict would have been evidence against him."   *Gilb. Ev.* 35.   The rule is so laid down by *Buller,* and also by *Starkie,* in his treatise on *Evidence,* and in view of all the authorities on the subject.   *Bul. N. P.* 232.   1 *Stark. Ev.* 193.   2 *Bac. Abr.* 617. (*Gwil. ed.*) 12 *Mod.* 330.   *Doddrington* v. *Hudson,* 1 *Bing.* 257.   I think this the better opinion ; and that the reversioner cannot be affected, by a verdict for or against the tenant for life, un-

less he come in upon aid prayer. The authorities which maintain the contrary doctrine, will be found, upon examination, it is believed, to rest entirely upon the opinion of Lord *Holt :* and that the rule as laid down by him, if it ever prevailed, was so settled at a period when the distinction between the interest that should exclude, and that which went merely to the credit of, the witness, was not very accurately defined. The rule is now well settled, that no interest except one in the event of the suit, shall render the witness incompetent. Cases of doubt may, indeed, arise under this, as under every other rule of evidence. But in all such cases, I think it the safer course, and one more in conformity with modern decisions, to let the objection go rather to the credit, than to the competency of the witness. *Walton & al. v. Shelley,* 1 *Term Rep.* 296. 300. *Abrahams,* q. t. v. *Bunn,* 4 *Burr.* 2 251. *Bent* v. *Baker,* 3 *Term Rep.* 27. *Doddington* v. *Hudson,* 1 *Bing.* 257.

I therefore think, that the witness offered was improperly rejected ; and on that ground, a new trial must be granted.

The other Judges were of the same opinion.

New trial to be granted.